**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LUIS ALBERTO ARIAS-ARIAS,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN OF FMC DEVENS,**<br><br>**Respondent.** | **Civil Action No. 26-cv-13265-DJC** |

**ORDER**

**CASPER, J.** **September 22, 2026**

Petitioner Luis Alberto Arias-Arias, a prisoner at FMC Devens who is proceeding *pro se*, filed a petition under 28 U.S.C. § 2241 ("§ 2241"), D. 1, and a supporting brief. D. 3. By Procedural Order dated July 16, 2026, petitioner was ordered either to pay the filing fee or seek leave to proceed in forma pauperis. D. 4. Petitioner filed a response, D. 5, and paid the $5.00 filing fee. D. 6.

Petitioner alleges that he "has been deprived of earned Federal Time Credits under the First Step Act of 2018, based on an invalid administrative order of the Department of Homeland Security." D. 3 at 1. He seeks to have this Court "[h]old the Administrative Order of Removal invalid and order proceedings before an IJ" and to order his "Immediate Release to ICE custody for immigration proceedings as [he is beyond his] FSA release date." D. 1 at ¶ 15 (request for relief).

The petition has not been served pending the Court's preliminary review of the pleading. <u>See</u> 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve

the petition on the respondent). For the reasons set forth below, the Court will DENY the petition.

Under the REAL ID Act, a federal district court generally is without jurisdiction to entertain a challenge to a removal order. 8 U.S.C. § 1252. Review of an immigration judge's removal order, if available, is reserved for Board of Immigration Appeals ("BIA"), and any appeal from there is to the court of appeals for the circuit where the immigration judge completed the proceedings. Motions to reopen or reconsider a BIA decision may be filed with the BIA; and motions to reopen, reconsider, or a cancel a removal order may be filed with the immigration judge who issued the decision. See generally 8 U.S.C. §§ 1229b, 1252(a)(5), (b)(2), (b)(9); 8 C.F.R. §§ 1003.2, 1003.23, 1003.38. In sum, this Court has no jurisdiction to entertain a challenge to petitioner's removal order.

The Court does have jurisdiction to determine a petitioner's claim for credits under the First Step Act ("FSA"). A federal prisoner who is subject to a final order of removal, however, is ineligible for the application of FSA time credits. See 18 U.S.C. § 3632(d)(4)(E)(i).

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and DISMISSES this action.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge